Michele Anderson-West (9249)
Austin B. Egan (13203)
STAVROS LAW P.C.
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
michele@stavroslaw.com
austin@stavroslaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH-CENTRAL DIVISION

| | |
|---|---|
| JENNIFER BUNN, <br><br> Plaintiff, <br> v. <br><br> IVORY HOMES, LTD, <br><br> Defendant. | **COMPLAINT** <br><br> (JURY DEMAND) <br><br> Case No. 1:19-cv-00140-CW <br><br> Judge Clark Waddoups |

Plaintiff Jennifer Bunn ("Plaintiff" or "Bunn"), by and through her undersigned counsel, complains against Defendant Ivory Homes, LTD ("Defendant" or "Ivory Homes") and for causes of action alleges as follows:

## **PARTIES**

1. Bunn is a resident of Weber County, State of Utah.

2. Ivory Homes is a limited liability corporation with its main office located in Salt Lake County, Utah doing business throughout the State of Utah, including in Weber County.

3. Defendant is an employer engaged in commerce and/or the production of goods for commerce.

4. At all times relevant herein, Bunn was an employee of Defendant.

1

5. All the acts and omissions giving rise to this action occurred within the State of Utah.

6. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for the corporate Defendant.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 29 U.S.C. §216(b).

8. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as the acts and omissions giving rise to this action occurred in the State of Utah.

## FACTUAL ALLEGATIONS

10. Bunn started working for Defendant as a sales associate in July 2018.

11. Bunn worked from various establishment locations for Defendant in Salt Lake County, Davis County and Weber County.

12. Bunn was paid a commission of 2 1/2% of the total sales price of each home she sold.

13. In November 2018 Defendant offered Bunn a part-time position doing internet marketing and offered her a salary of $35,000 for part-time work.

14. In addition to working on behalf of Defendant doing the internet marketing for the part-time salary of $35,000, Bunn continued in her role as sale associate.

15. However, instead of continuing to pay Bunn 2 ½% of the total sales price of each home she sold, Defendant reduced her commission by 40% paying her commission of 60% of 2 ½% of the total sales price of homes sold.

16. The reduction in commission percentage created significant lost income for Bunn.

17. Bunn's part-time work doing internet marketing for Defendant turned into a full-time plus over-time position.

18. Bunn worked in excess of 40 hours per week doing the internet marketing but was only paid for 20 hours.

19. Bunn regularly talked to her managers about her work hours and Defendant failing to compensate her for each hour she worked.

20. On or around February 6, 2019, Bunn asked to meet with the marketing manager to discuss receiving part-time compensation for full-time work.

21. Defendant's manager told Bunn it was not his decision as to her pay and told Bunn to contact the sales manager.

22. Bunn met with the sales manager to discuss Defendant failing to pay her for each hour she worked over the 20 hours she was being paid.

23. The manager told Bunn in order to be paid for her full-time work, she would have to "prove herself."

24. During the Q1 meeting, Bunn presented that Defendant's sales had increased 39% since she came on board.

25. After the meeting, Defendant continued refusing to compensate Bunn for her full-time work.

26. Instead of compensating Bunn for full-time work, Defendant hired two male employees to allegedly help Bunn with her work, so she did not have to work more than 20 hours doing the internet marketing.

27. However, the males had less experience and skill than Bunn in internet marketing.

28. Bunn in fact was required to train the male employees – thus creating more effort and responsibility on her.

29. The men were paid 2 ½ % of the total sales price of each home they sold-but Bunn was paid 40% less.

30. Bunn had superior skills and experience than the male employees, had more responsibility with Defendant and put forth at least as much effort as did the males.

31. Again, Bunn confronted Defendant telling her managers she needed to be paid on equal terms as the men that were hired, especially since she had more experience, skill and responsibilities than the men did.

32. In response to Bunn's demand that she be paid the same as the men, her Manager said something to the extent of "why does it matter, doesn't your husband work?"

33. Defendant's statement makes it clear that Bunn's wage was based on her sex.

34. Within approximately 24 hours after the conversation with management regarding equal pay for equal work, Defendant removed Bunn from her role as "captain" and instead of having Bunn continue sales territory in Salt Lake County, Utah County and Weber County, Defendant gave her only Weber County, which is the smallest market of the three counties.

35. Defendant divided Salt Lake County and Utah County between the newly hired, less experienced men.

36. Bunn's earning potential was instantly reduced by approximately 85% because Defendant took away two lucrative markets.

37. Bunn was left with no choice but to tender her resignation effective August 6, 2019.

## FIRST CAUSE OF ACTION
*Violation of the Equal Pay Act of 1963*

38. The preceding paragraphs are incorporated herein by reference.

39. Defendant is an employer engaged in commerce and/or the production of goods for commerce.

40. Bunn was an experienced sales associate and while working for Defendant, increased its sales by 39%.

41. Bunn worked on behalf of Defendant as a sales associate and was paid 60% of 2 ½% of the sales price of each home she sold.

42. In or around April 2019, Defendant hired two male employees both whom had less experience and skill than Bunn.

43. Defendant paid the male employees, with less skill and responsibility 40% more than it paid Bunn for similar working conditions.

44. Bunn has missed out of hundreds of thousands of dollars because Defendant refused to pay her on an equal basis as her male counterparts.

45. Bunn has suffered loss as a result of Defendant's actions, including but not limited pecuniary and non-pecuniary damages, costs, attorneys' fees.

46. As a result of Defendant's actions, Bunn is entitled to an award of damages equal to her lost wages together with a like amount for liquidated and/or punitive damages.

47. Bunn is entitled to other such relief as is just.

## SECOND CAUSE OF ACTION
*Breach of Contract*

48. The preceding paragraphs are incorporated herein by reference.

49. Bunn and Defendant entered into an agreement whereby Bunn promised to work on its behalf in exchange for money.

59. Bunn performed work on behalf of Ivory Homes, as contemplated in their agreement, working twice as many hours for Defendant.

60. Ivory knew Bunn worked at least twice the number of hours she was being paid and reaped the benefits of Bunn's work without compensating her for the hours she worked.

61. Defendant materially breached the agreement with Bunn and refused to compensate her for the work she performed.

61. As a result of Ivory Homes' failure to pay Bunn according to the terms of their agreement, Bunn has suffered damages of approximately $35,000.00, but in an amount to be specifically determined at trial.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial before a jury.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award lost pecuniary and non-pecuniary damages as appropriate;

c. Award punitive and liquidated damages in an amount equal to the aggregate underpayment of wages as proven at trial;

6

   c. Enter judgment in favor of the Plaintiff ordering reimbursement for all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees;

   d. Enter a judgment awarding prejudgment on all unpaid wages;

   e. Enter a judgment awarding post-judgment interest at the applicable statutory rate;

   f. Award such other relief as the Court deems just and equitable.

Respectfully submitted this 29th day of November 2019.

          /s/ Michele Anderson-West
         Michele Anderson-West
         Austin B. Egan
         STAVROS LAW P.C.
         *Attorneys for Plaintiff*